**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X    Case No.:

MANOLITO ALTAMIRANO,

                    Plaintiff,                                         **COMPLAINT**

         - against -                                  **PLAINTIFF DEMANDS**
                                                                                **A TRIAL BY JURY**

535 WEST 163RD STREET HDFC, and
EFIGENIA GARCIA, *Individually*,

                    Defendants.
                    .
------------------------------------------------------------------------X

       Plaintiff, MANOLITO ALTAMIRANO, by and through his attorneys, the LAW OFFICE OF YURIY MOSHES, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay minimum wage and overtime wages due and owed for hours worked in excess of forty (40) hours per work week. As a result of Defendants' violation of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

2.    Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195, *et seq.,* and seeks to redress the damages he has suffered as a result of Defendants' failure to give him written notice of wage rates and paystubs, including, inter alia, his rate of pay.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PARTIES

6. That at all times relevant hereto, Plaintiff MANOLITO ALTAMIRANO ("ALTAMIRANO") was a resident of the State of New York and the County of the Manhattan.

7. That at all times relevant hereto, Plaintiff was an employee of the Defendants.

8. That at all times relevant hereto, Defendant 535 WEST 163RD STREET HDFC ("535 WEST") is a domestic housing development funds company, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 535 West 163rd Street, New York, NY 10032.

9. That at all times relevant hereto, Defendant EFIGENIA GARCIA ("GARCIA") is the owner of Defendant 535 WEST and has, at all relevant times had and exercised the power to hire, fire, and control the wages and working conditions of the Plaintiff.

10. Defendants 535 WEST and GARCIA are herein collectively referred to as "Defendants."

11. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, both

       Defendants are liable as "employers" under the FLSA.

12. Upon information and belief, Defendants were engaged in interstate commerce within the meaning of the FLSA in that Defendants: (a) had and have employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had and have an annual gross volume of sales of not less than $500,000.00.

13. Further, upon information and belief, during Plaintiff ALTAMIRANO's employment with Defendant, Plaintiff ALTAMIRANO routinely engaged in activities which facilitate or relate to interstate or foreign commerce.

## MATERIAL FACTS

14. In or around 2006, Plaintiff ALTAMIRANO began working for Defendants as an "On-site Superintendent."

15. Throughout Plaintiff ALTAMIRANO's employment, Plaintiff ALTAMIRANO was a satisfactory employee.

16. At all times relevant hereto, the work performed by Plaintiff ALTAMIRANO required no capital investment.

17. At all times relevant hereto, Plaintiff ALTAMIRANO did not have any supervisory or managerial responsibilities.

18. From on or about December 31, 2016, the New York State minimum wage for employers with ten (10) or less employees in New York City was $10.50 per hour. From on or about December 31, 2017, the New York State minimum wage for employers with ten (10) or less employees in New York City was $12.00 per hour. From on or about December 31, 2018, the New York State minimum wage for employers with ten (10) or less employees

in New York City was $13.50 per hour. From on or about December 31, 2019, the New York State minimum wage for employers with ten (10) or less employees in New York City is $15.00 per hour.

19. From on or about 2006 through August 2021, Plaintiff ALTAMIRANO would receive monthly checks from Defendant GARCIA.

20. From on or about January 1, 2017 to on or about December 31, 2017 ("**the 2017 period**"), Plaintiff ALTAMIRANO worked for Defendants six (6) days per week. Plaintiff ALTAMIRANO worked on Mondays, Wednesdays, and Fridays from 7:00am to 3:00pm, Tuesdays and Thursdays from 7:00am to 3:00pm and 5:00pm to 7:00pm; and Sunday from 5:00pm to 7:00pm. Plaintiff ALTAMIRANO took an unpaid one-hour lunch break on Monday through Friday. Accordingly, Plaintiff ALTAMIRANO worked forty-one (41) hours per week during the 2017 period.

21. However, during the 2017 period, Defendants consistently failed to pay Plaintiff ALTAMIRANO at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff ALTAMIRANO was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the one (1) hour of overtime that he worked each week. However, although Defendants required Plaintiff ALTAMIRANO to work forty-one (41) hours each week, Defendants wholly failed to compensate Plaintiff ALTAMIRANO at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

22. Specifically, during the 2017 period, at the end of each week, rather than paying Plaintiff ALTAMIRANO for forty (40) hours at the minimum hourly wage rate of $10.50 and one

(1) hour at his overtime hourly rate of $15.75 for a total of $435.75, Defendants instead always paid Plaintiff ALTAMIRANO $289.34.

23. During the 2017 period, Plaintiff worked approximately fifty-two (52) weeks.

24. Thus, during the 2017 period, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff NEDD approximately $146.41 per week in wages worked in the 2017 period, for a total of **$7,613.32** ($146.41 x 52 weeks).

25. From on or about January 1, 2018 to on or about December 31, 2018 ("**the 2018 period**"), Plaintiff ALTAMIRANO worked for Defendants six (6) days per week. Plaintiff ALTAMIRANO worked on Mondays, Wednesdays, and Fridays from 7:00am to 3:00pm, Tuesdays and Thursdays from 7:00am to 3:00pm and 5:00pm to 7:00pm; and Sunday from 5:00pm to 7:00pm. Plaintiff ALTAMIRANO took an unpaid one-hour lunch break on Monday through Friday. Accordingly, Plaintiff ALTAMIRANO worked forty-one (41) hours per week during the 2018 period.

26. However, during the 2018 period, Defendants consistently failed to pay Plaintiff ALTAMIRANO at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff ALTAMIRANO was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the one (1) hour of overtime that he worked each week. However, although Defendants required Plaintiff ALTAMIRANO to work forty-one (41) hours each week, Defendants wholly failed to compensate Plaintiff ALTAMIRANO at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

27. Specifically, during the 2018 period, at the end of each week, rather than paying Plaintiff

ALTAMIRANO for forty (40) hours at the minimum hourly wage rate of $12 and one (1) hour at his overtime hourly rate of $18 for a total of $498.00 Defendants instead always paid Plaintiff ALTAMIRANO $289.34.

28. During the 2018 period, Plaintiff worked approximately fifty-two (52) weeks.

29. Thus, during the 2018 period, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff ALTAMIRANO approximately $208.66 per week in wages worked in the 2018 period, for a total of **$10,850.32** ($208.66 x 52 weeks).

30. From on or about January 1, 2019 to on or about December 31, 2019 ("**the 2019 period**"), Plaintiff ALTAMIRANO worked for Defendants six (6) days per week. Plaintiff ALTAMIRANO worked on Mondays, Wednesdays, and Fridays from 7:00am to 3:00pm, Tuesdays and Thursdays from 7:00am to 3:00pm and 5:00pm to 7:00pm; and Sunday from 5:00pm to 7:00pm. Plaintiff ALTAMIRANO took an unpaid one-hour lunch break on Monday through Friday. Accordingly, Plaintiff ALTAMIRANO worked forty-one (41) hours per week during the 2019 period.

31. However, during the 2019 period, Defendants consistently failed to pay Plaintiff ALTAMIRANO at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff ALTAMIRANO was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the one (1) hour of overtime that he worked each week. However, although Defendants required Plaintiff ALTAMIRANO to work forty-one (41) hours each week, Defendants wholly failed to compensate Plaintiff ALTAMIRANO at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

32. Specifically, during the 2019 period, at the end of each week, rather than paying Plaintiff ALTAMIRANO for forty (40) hours at the minimum hourly wage rate of 13.5 and one (1) hour at his overtime hourly rate of $20.25 for a total of $560.25 Defendants instead always paid Plaintiff ALTAMIRANO $292.52.

33. During the 2019 period, Plaintiff worked approximately fifty-two (52) weeks.

34. Thus, during the 2019 period, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff ALTAMIRANO approximately $267.73 per week in wages worked in the 2019 period, for a total of **$13,921.96** ($267.73 x 52 weeks).

35. Sometime in late 2019, Plaintiff ALTAMIRANO complained about the lack of paystubs provided to him and requested his paystubs.

36. In response, Defendant GARCIA provided Plaintiff ALTAMIRANO with a yearly accounting of wages for 2019.

37. Prior to 2019, Defendant GARCIA had never provided Plaintiff ALTAMIRANO with any paystubs for his earnings.

38. From on or about January 1, 2020 to on or about December 31, 2020 ("**the 2020 period**"), Plaintiff ALTAMIRANO worked for Defendants six (6) days per week. Plaintiff ALTAMIRANO worked on Mondays, Wednesdays, and Fridays from 7:00am to 3:00pm, Tuesdays and Thursdays from 7:00am to 3:00pm and 5:00pm to 7:00pm; and Sunday from 5:00pm to 7:00pm. Plaintiff ALTAMIRANO took an unpaid one-hour lunch break on Monday through Friday. Accordingly, Plaintiff ALTAMIRANO worked forty-one (41) hours per week during the 2019 period.

39. However, during the 2020 period, Defendants consistently failed to pay Plaintiff ALTAMIRANO at the minimum wage rate for all hours worked up to forty (40) hours per

week. Further, as Plaintiff ALTAMIRANO was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the one (1) hour of overtime that he worked each week. However, although Defendants required Plaintiff ALTAMIRANO to work forty-one (41) hours each week, Defendants wholly failed to compensate Plaintiff ALTAMIRANO at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

40. Specifically, during the 2020 period, at the end of each week, rather than paying Plaintiff ALTAMIRANO for forty (40) hours at the minimum hourly wage rate of $15.00 and one (1) hour at his overtime hourly rate of $22.50 for a total of $622.50 Defendants instead always paid Plaintiff ALTAMIRANO $292.52.

41. During the 2020 period, Plaintiff worked approximately fifty-two (52) weeks.

42. Thus, during the 2020 period, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff ALTAMIRANO approximately $329.98 per week in wages worked in the 2020 period, for a total of **$17,158.96** ($329.98 x 52 weeks).

43. From on or about January 1, 2021 to on or about August 13, 2021 ("**the 2021 period**"), Plaintiff ALTAMIRANO worked for Defendants six (6) days per week. Plaintiff ALTAMIRANO worked on Mondays, Wednesdays, and Fridays from 7:00am to 3:00pm, Tuesdays and Thursdays from 7:00am to 3:00pm and 5:00pm to 7:00pm; and Sunday from 5:00pm to 7:00pm. Plaintiff ALTAMIRANO took an unpaid one-hour lunch break on Monday through Friday. Accordingly, Plaintiff ALTAMIRANO worked forty-one (41) hours per week during the 2021 period.

44. However, during the 2021 period, Defendants consistently failed to pay Plaintiff

ALTAMIRANO at the minimum wage rate for all hours worked up to forty (40) hours per week. Further, as Plaintiff ALTAMIRANO was a non-exempt employee, he should have been paid time-and-a-half his regular hourly rate for the one (1) hour of overtime that he worked each week. However, although Defendants required Plaintiff ALTAMIRANO to work forty-one (41) hours each week, Defendants wholly failed to compensate Plaintiff ALTAMIRANO at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA and the NYLL.

45. Specifically, from January 1, 2021 through April 30, 2021, at the end of each week, rather than paying Plaintiff ALTAMIRANO for forty (40) hours at the minimum hourly wage rate of $15.00 and one (1) hour at his overtime hourly rate of $22.50 for a total of $622.50 Defendants instead always paid Plaintiff ALTAMIRANO $289.34.

46. Thus, from January 1, 2021 through March 30, 2021, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff ALTAMIRANO approximately $333.16 per week in wages worked in the 2021 period, for a total of **$4,331.08** ($333.16 x 13 weeks).

47. Sometime in or around January 2021, Plaintiff ALTAMIRANO complained to Defendant GARCIA about his wages and requested an immediate increase.

48. On April 1, 2021, Defendants increased Plaintiff ALTAMIRANO's salary due to his complaints.

49. Specifically, from April 1, 2021 through August 13, 2021, at the end of each week, rather than paying Plaintiff ALTAMIRANO for forty (40) hours at the minimum hourly wage rate of $15.00 and one (1) hour at his overtime hourly rate of $22.50 for a total of $622.50 Defendants instead always paid Plaintiff ALTAMIRANO $290.00.

50. Thus, from January 1, 2021 through April 30, 2021, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff ALTAMIRANO approximately $332.50 per week in wages worked in the 2020 period, for a total of **$6,317.50** ($332.50 x 19 weeks).

51. During the 2021 period, Plaintiff worked approximately thirty-two (32) weeks.

52. Thus, during the 2021 period, Defendants blatantly violated the NYLL and FLSA by denying Plaintiff ALTAMIRANO wages worked in the 2021 period, for a total of **$10,648.58** (**$4,331.08+6,317.50**).

53. As a result, due to Defendants' blatant violations of the NYLL and the FLSA, Plaintiff ALTAMIRANO is owed a total of **$60,193.14** in **unpaid wages** (7,613.32+$10,850.32+$13,921.96+$17,158.96+$10,648.58) for work performed for Defendants.

54. On or about August 13, 2021, Defendants terminated Plaintiff ALTAMIRANO.

55. Defendants terminated Plaintiff ALTAMIRANO solely in retaliation of his complaint of unpaid wages and overtime wages and his request for an increase in wages.

56. Furthermore, Defendants did not provide Plaintiff ALTAMIRANO with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage (including, inter alia, tips).

57. Plaintiff ALTAMIRANO has been damaged by Defendants' failure to pay his lawfully earned wages.

58. Defendants' failure to pay Plaintiff ALTAMIRANO his earned wages required by law was willful.

59. Defendants' termination of Plaintiff ALTAMIRANO his earned wages required by law was willful.

60. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff ALTAMIRANO demands Liquidated Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### MINIMUM WAGE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

62. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for his employment.

63. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

64. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

65. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW § 652(1)
### MINIMUM WAGE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

67. Plaintiff was an employee of Defendants within the meaning of the NYLL.

68. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

69. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

70. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

71. On account of such violations, Defendants are liable to Plaintiff for actual, statutory, and liquidated damages.

72. Defendants' actions were willful.

73. Defendants' failure to comply with the NYLL and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

74. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

75. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

76. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201, *et seq.*, and its implementing regulations.

77. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. §207.

78. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

79. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer a loss of wages.

## AS A FOURTH CAUSE OF ACTION

## VIOLATION OF NEW YORK LABOR LAW
## OVERTIME

80. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

81. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

82. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL §170.

83. Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

84. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

85. Defendants' failure to pay proper overtime wages is willful.

86. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS A FIFTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## WAGE NOTICE REQUIREMENT

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

88. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

      piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

89. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

90. Defendants not only did not provide notice to Plaintiff at time of hire, but failed to provide notice to Plaintiff even after the fact.

91. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

### AS A SIXTH CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW
### <u>NEW YORK PAYSTUB REQUIREMENT</u>

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

93. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

94. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and did not provide a paystub on or after Plaintiff's payday.

95. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-d).

### AS A SEVENTH CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW
### <u>RETALIATION</u>

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

97. The NYLL and supporting regulations prohibit employers from retaliating against employers. NYLL §215(1-a).

98. Defendants have violated the NYLL by terminating Plaintiff in retaliation of his complaint for unpaid wages and unpaid overtime wages.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice and paystubs;

C. Awarding damages to Plaintiff for all unpaid wages due under the FLSA and the NYLL;

D. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice and paystubs as required under the NYLL;

E. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: Brooklyn, New York
      April 28, 2022

                                                **LAW OFFICE OF YURIY MOSHES, P.C.**

By:    /s/ J. Maldonado
        Jessenia Maldonado, Esq.
        *Attorneys for Plaintiff*
        517 Brighton Beach Ave. 2nd Floor
        Brooklyn, NY 11235
        (718) 504-6090
        jmaldonado@mosheslaw.com