UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANOLITO ALTAMIRANO,

          Plaintiff,

    -against-

535 WEST 163RD STREET HDFC and
EFIGENIA GARCIA,

          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/25/2023
```

22-cv-03459 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' joint letter dated April 6, 2023 (Joint Ltr.) (Dkt. 38), seeking approval of their Settlement Agreement and Release of FLSA and NYLL Claims (Agreement) (Dkt. 38-2) pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The economic terms of the settlement, including the $40,000 gross settlement payment, appear to be fair and reasonable. However, after careful review of the parties' letter and the terms of the Agreement, the Court is unable to approve it as written.

First, the Agreement contains a "Mutual Non-Disparagement" clause that prohibits the parties from engaging in "any conduct that is injurious to the reputation and interests of each other," including "publicly disparaging (or inducing others to publicly disparage), denigrating or criticizing one another regarding any subject matter, including . . . the instant proceedings and the settlement of the Litigation." Ag. ¶ 5.

As this Court previously cautioned the parties:

> "[I]t would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). This caution extends to so-called non-disparagement clauses, if such clauses prevent a plaintiff from making truthful statements concerning his employment, the lawsuit underlying the proposed settlement, or the settlement itself. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause

"must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

Order dated March 16, 2023 (March 16 Order) (Dkt. 34) at 1. Aside from its vagueness (no guidance is provided as to what constitutes "conduct that is injurious to the reputation and interests" of one another), ¶ 5 of the Agreement runs afoul of the well-settled principle, set out in *Souza*, *Weng*, and dozens of other cases in our Circuit, that an FLSA plaintiff ordinarily cannot – as a matter of public policy – be prohibited from making truthful public statements concerning his lawsuit, its settlement, or the underlying facts. *See*, *e.g.*, *Tarbell-Littman v. TFO USA Ltd.*, 2019 WL 13226417, at *3 (S.D.N.Y. Nov. 8, 2019) (Moses, M.J.); *Eslava v. Green Summit Grp. LLC*, 2017 WL 11567700, at *3 (S.D.N.Y. Nov. 2, 2017) (Moses, M.J.); *Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016) (Moses, M.J.); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (Moses, M.J.). Here, the parties make no effort to show that this is such a "rare case," *Souza*, 2015 WL 7271747, at *4, that a broad non-disparagement clause would be appropriate. Nor can the Court discern any reason why such a clause should be approved.

Second, the Agreement contains a "No Future Employment" clause permitting defendant 535 West 163rd Street HDFC to refuse to re-employ plaintiff "in any capacity" without penalty. Ag. ¶ 7. Courts in this Circuit seldom approve FLSA settlements containing such clauses, as they are "highly restrictive provision[s] in 'strong tension with the remedial purposes of the FLSA.'" *Baikin v. Leader Sheet Metal, Inc.*, 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (quoting *Cheeks*, 796 F.3d at 206) (modification in original); *see also Santos v. Sofa Dr., Inc.*, 2021 WL 5316405, at *1 (S.D.N.Y. Nov. 16, 2021) (rejecting FLSA settlement agreement containing no-rehire clause where "the parties herein 'offer not a shred of explanation—and cite no cases—to justify inclusion of' this provision") (quoting *Nieto v. Izzo Constr. Corp.*, 2018 WL 2227989, at *2

(E.D.N.Y. May 14, 2018)); *Huitzil v. DAP Serv. Corp.*, 2018 WL 11222518, at *2 (S.D.N.Y. Jan. 29, 2018) ("Such provisions are contrary to the uniquely protective purpose of the FLSA."); *Leon-Martinez v. Cent. Café & Deli*, 2017 WL 1743935, at *2 (S.D.N.Y. April 13, 2017) ("A provision limiting plaintiffs' employment opportunities is not acceptable."). Here, as in *Santos*, the parties offer "not a shred of explanation" to justify the inclusion of this provision.

Third, plaintiff's attorneys supported their request for an attorneys' fee award of $13,333.33 (one-third of the gross settlement payment) in part by reference to the lodestar method, which they calculate to be $17,800, *see* Joint Ltr. at ECF p. 4, but failed to submit their "time and expense records," as directed by the Court. *See* March 16 Order at 1. Similarly, counsel neglected to submit invoices or receipts for the $174.44 they seek in expense reimbursement (above and beyond the $402 filing fee, for which no further documentation is required). On the present record, therefore, the Court cannot approve the award of fees and expenses to plaintiff's counsel. *See Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010) (Second Circuit precedent "requires that all applications for attorney's fees be supported by contemporaneous records"); *Barsa v. Beacon Health Options, Inc.*, 2020 WL 7240346, at *6 (S.D.N.Y. July 10, 2020) (Moses, M.J.) (denying *Cheeks* motion where, among other things, "plaintiffs failed to submit their counsel's 'time and expense records,' notwithstanding that this Court expressly directed them to do so").

For these reasons, the parties' application for approval of their settlement is DENIED without prejudice to renewal. Any renewed settlement approval motion shall be filed within 30 days of today's date, once the parties have excised or significantly modified the non-disparagement and no-rehire clauses, and shall include contemporaneous time records and supporting documentation for all expenses (other than court fees) for which reimbursement is sought. If,

during that period, the parties are unable to negotiate a revised agreement, they shall file a status report advising the Court as to what remains to be done before trial.

Dated: New York, New York
     July 25, 2023                  **SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**